LAWRENCE FURLONG *versus* WILLIAM BARTLETT.

One of two partners made a general assignment, in the name of the firm, of all the partnership property, in trust for the payment of the debts of the company, and delivered the property to the assignee. The other partner, who was under age, ratified the assignment, but on coming of age, he brought an action of trespass against the assignee for the alleged unlawful taking and asportation of the property. *Held,* that trespass would not lie.

TRESPASS *de bonis asportatis.*

On a case stated, it appeared that in 1833 the plaintiff applied to the defendant for assistance in going into business. The defendant agreed to aid him by an advance of money, on the understanding that the plaintiff and William S. Bartlett, a grandson of the defendant, should become copartners. Accordingly, on August 8th, 1833, the plaintiff and W. S. Bartlett entered into a verbal agreement to form a partnership, and a memorandum of the terms was subsequently entered on the first page of their day-book. The memorandum states that they have entered into a copartnership to carry on the furniture, glass and crockery ware, and chair-painting business, under the firm of Bartlett & Furlong ; that Bartlett is to transact the business of buying and selling in the store ; that Furlong is to paint chairs and other furniture ; that they are to bear equally the customary expenses, to be equally responsible for debts, and to share equally in the profits and losses.

The partners proceeded to transact business under this agreement until January 22, 1835.

On August 8, 1833, the first loan, of $1500, was made by the defendant, and the plaintiff gave his note for the amount. Both of the partners were present, and they expressed to each other their surprise that the defendant did not take the note of both. On the same day the plaintiff and W. S. Bartlett went to Boston together to purchase stock with the money so received, and they bought goods there and paid there and in

Newburyport on account of the firm, more than $1400; which was duly entered on the books of the firm.

Five loans were subsequently made by the defendant, for each of which the plaintiff gave his note. The money was received by the plaintiff in person, and was used in the purchase of stock for the partnership business. While the partnership continued, the six notes above mentioned were considered and treated by the plaintiff and W. S. Bartlett as partnership debts, and were entered on the books of the firm. ' All the entries in the books were in the handwriting of W. S. Bartlett. No part of the stock was purchased with the private funds of the plaintiff, but wholly with the capital furnished by the defendant in the manner before stated, or the proceeds of it in the course of business.

On January 22, 1835, W. S. Bartlett executed, in the name of the firm, an assignment of the stock of the firm, to the defendant, in trust to pay the debts of the firm, including the notes held by the defendant, and to pay over the surplus, if any, to the assignors. On the 24th of January the plaintiff executed a power of attorney, dated the 21st, purporting to authorize W. S. Bartlett to execute the assignment on behalf of the plaintiff. Under this assignment the stock of the firm went into the possession of the defendant, in the absence of the plaintiff; which was the alleged trespass complained of. The property was judiciously disposed of by the defendant, and the proceeds were distributed *pro ratâ* among the creditors who became parties to the assignment. The defendant retained only his proportional part of the proceeds, upon his six notes. The plaintiff has not himself paid any part of the notes given by him to the defendant, or any part of the other debts mentioned in the assignment, except in so far as they were paid out of the effects assigned to the defendant.

The plaintiff was under the age of twenty-one years, during the continuance of the partnership, but his time had been given him by his father. He came of age on March 26, 1835.

On the 14th of March, 1835, the plaintiff notified the defendant that he was a minor and should hold the defendant accountable for all property in his hands belonging to the plaintiff. On June 13th, he gave the defendant a more formal

notice, stating that he was then of age, claiming to be the owner of the entire stock in trade of the late firm of Bartlett & Furlong, disaffirming the assignment and power of attorney, and all acts of the defendant, demanding the goods, their proceeds and profits, and damages for taking them, and demanding distinctly his half of the goods if he were not the sole owner.

The facts that the plaintiff and W. S. Bartlett were surprised that the defendant took the note of the plaintiff instead of the note of the firm, and that they considered the notes to the defendant as partnership debts, rested upon the testimony of W. S. Bartlett, whose testimony was objected to by the plaintiff, on the ground that he was interested. These facts were not to be in the case, if the Court should think the testimony ought to be rejected.

If the Court should decide that the plaintiff was entitled to recover, the damages were to be ascertained by assessors.

*Choate* and *Perkins*, for the plaintiff, contended, among other things, that trespass was the proper form of action, as the delivery of the property to the defendant was not made by the infant's own hand ; and there having been moreover a demand on the defendant and a refusal to deliver up the property.

*Nov 6th*

The plaintiff is entitled to recover for at least one half of the property. [*Shaw* C. J. If he was tenant in common with the defendant, how can he maintain trespass ?] 'If both partners had been infants, they could have maintained trespass, and if so, the plaintiff can, otherwise he loses the privilege of infancy. The destruction of a chattel by a tenant in common gives his cotenant an action of trespass. *Stafford* v. *Roof*, 9 Cowen, 626 ; *Fonda* v. *Vanhorne*, 15 Wendell, 631 ; *Wilson* v. *Reed*, 3 Johns. R. 175 ; *Barton* v. *Williams*, 5 Barn. & Ald. 395 ; Co. Litt. 200 *a*, 200 *b* ; 1 Chit. Pl. (6th Amer. ed.) 90, 91.

*Saltonstall* and *Cushing*, for the defendant.

*Per Curiam.* This action of trespass will not lie. The Court entertain strong doubts, whether under the peculiar circumstances of this case any action will lie, or whether the plaintiff has any remedy unless for his share of the balance, if the partnership should be ultimately solvent ; but of this, as t is not now before the Court, they express no opinion.